IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOSEPH DRAKE AND PAUL OBENDORF, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO.: |
| STEALTH COMPONENTS, INC., BERNARD L. SMITH, III AND DAVID J. SMITH, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Joseph Drake and Paul Obendorf, by and through counsel, state as follows for their complaint against Defendants Stealth Components, Inc., Bernard L. Smith, III and David J. Smith.

## NATURE OF ACTION

1. This is an action for damages and other appropriate relief brought by Plaintiffs against their employers for failure to pay them overtime pay in violation of the federal Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* and for failure to pay them wages earned in violation of North Carolina's Wage and Hour Act. N.C. Gen. Stat. § 95-25.1 *et seq.*

## PARTIES AND JURISDICTION

2. Plaintiff Joseph Drake ("Drake") is a resident of York County, South Carolina.

3. Plaintiff Paul Obendorf ("Obendorf") is a resident of Mecklenburg County, North Carolina.

4. Defendant Stealth Components, Inc. ("Stealth" or "the company") is a Nevada Corporation with a principal place of business in Mecklenburg County, North Carolina.

5. Defendant Bernard L. Smith, III is upon information and belief a resident of Mecklenburg County, North Carolina.

6. Defendant David J. Smith is upon information and belief a resident of Mecklenburg County, North Carolina.

7. Jurisdiction is proper in this Court because the court has original jurisdiction (28 U.S.C. § 1331) over the federal Fair Labor Standards Act claims pursuant to 29 U.S.C. § 216(b). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' state law claims.

8. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is within the district, and the unlawful employment practices alleged herein were committed and resulted in injuries in Mecklenburg County, North Carolina.

## ALLEGATIONS

9. Defendant Stealth is an electronic component distributor serving a national and international customer base.

10. Defendant Bernard L. Smith, III is Defendant Stealth's President and Chief Executive Officer, and upon information and belief an owner of the company.

11. Defendant Bernard L. Smith, III exercised control and/or had responsibility for carrying out company policies and practices pertaining to employee compensation.

12. Defendant David J. Smith is Defendant Stealth's Chief Operating Officer.

13. Defendant David J. Smith exercised control and/or had responsibility for carrying out company policies and practices pertaining to employee compensation.

14. Defendant Stealth is and was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203 (s)(1) and was one of Plaintiffs' employers as defined by 29 U.S.C. § 203(d).

15. Plaintiff Drake worked for Defendants in Charlotte, North Carolina from April 18, 2011 through on or about June 13, 2011.

16. Plaintiff Obendorf worked for Defendants in Charlotte, North Carolina from April 18, 2011 through on or about June 15, 2011.

17. Defendants are employers as defined by and pursuant to § 203(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d) and N.C. Gen. Stat. § 95-25.2(4) of the North Carolina Wage and Hour Act.

18. Drake's and Obendorf's duties at Defendant Stealth consisted of prospecting for clients through publicly available resources such as the Internet and then contacting those prospects on the telephone or by use of the Internet to solicit purchases of electronic components. Drake and Obendorf would also utilize the Internet and telephone to locate, purchase and arrange for delivery of products related to sales procured through their efforts.

19. In performance of their duties, Drake and Obendorf regularly and routinely utilized long distance telephone calls, interstate Internet communications, and mail and delivery services.

20. Drake's and Obendorf's duties performed at Stealth did not fall within any exemption to the overtime requirements of the Fair Labor Standards Act.

21. Throughout their employment with Defendants, Drake and Obendorf were paid a fixed salary for all hours they worked. They were also able to qualify for a commission on sales made through their efforts.

22. Drake and Obendorf were never paid overtime pay for the hours they worked in excess of forty (40) in a workweek.

23. During Drake's and Obendorf's employment, the Defendants required, permitted, and/or encouraged them to work overtime, i.e., time in excess of forty (40) hours in a workweek.

24. Drake and Obendorf often worked through lunch, after normal office hours, and often from home, all of which resulted in overtime for which they were not compensated.

25. Drake and Obendorf were encouraged to prospect for clients before and after normal office hours, and Defendants knew they prospected and worked after normal office hours, yet Defendants made no efforts to track or record that work time.

26. Defendants were aware and/or should have been aware that Drake and Obendorf were working in excess of forty hours in a workweek but failed to pay them overtime pay as required by the Fair Labor Standards Act.

27. Defendants failed to record the time Drake and Obendorf started work each day.

28. Defendants failed to record the time Drake and Obendorf ceased working each day.

29. Defendants failed to record the time Drake and Obendorf would take a lunch break, if one was taken at all, or return from that break.

30. Drake and Obendorf were not required, directed or instructed to keep time records accurately recording their actual work time.

31. Drake and Obendorf were presented "time sheets" already filled out by the company and told to sign them even before the end of the workweek.

32. The "time sheets" filled out by the company failed to accurately record the actual time worked by Drake and Obendorf as required by the Fair Labor Standards Act.

33. The "time sheets" were completed by the company with no input from Drake or Obendorf and most often if not always reflected forty (40) hours worked each workweek, which was a misrepresentation of the hours actually worked by Drake and Obendorf.

34. Defendants knew and had reason to know that Drake's and Obendorf's time records as maintained by the company were not accurate.

35. Defendants knew or should have known that Drake and Obendorf regularly worked in excess of forty (40) hours in a workweek and did nothing to ensure they were paid the wages the Fair Labor Standards Act required for that time.

36. Drake and Obendorf were even complimented for their work ethic when they worked in the office beyond normal office hours.

37. Defendants never attempted to prevent Drake and Obendorf from working in excess of forty (40) hours in a work week. Under Drake's and Obendorf's pay plans, they earned commissions on sales provided through their efforts.

38. Drake and Obendorf procured sales for Defendants and have earned commissions for which they have not been compensated.

39. "Commissions" constitute wages under North Carolina's Wage and Hour Act, N.C. Gen. Stat. § 95-25.2(16).

40. Defendants violated the North Carolina Wage and Hour Act by failing to pay Drake and Obendorf the commissions they earned as required by N.C. Gen. Stat. § 95-25.6 and § 95-25.7.

## COUNT I - VIOLATION OF OVERTIME PROVISIONS
## OF FAIR LABOR STANDARDS ACT
## (29 U.S.C. § 207)
## (as to all Defendants)

41. Plaintiffs repeat and incorporate all the preceding allegations as if fully stated herein.

42. The Fair Labor Standards Act ("FLSA") requires employers to pay an overtime premium at time and one-half an employee's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek to nonexempt employees.

43. Under the FLSA employers are required to keep accurate records of an employee's hours.

44. Defendant Stealth is and was at all relevant times an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)1 and an employer as defined by 29 U.S.C. § 203(d).

45. The individual Defendants were also Plaintiffs' employers for purposes of the FLSA as defined by 29 U.S.C. § 203(d).

46. Plaintiffs Drake and Obendorf were at all relevant times nonexempt employees of Defendants.

47. Plaintiffs Drake and Obendorf regularly worked in excess of 40 hours in a workweek for which they were not paid time and one-half in violation of § 7 of the FLSA, 29 U.S.C. § 207.

48. Defendants' policy and pay practices of not paying its nonexempt employees overtime lacks good faith and violates the FLSA.

49. Defendants have willingly, deliberately and/or intentionally refused to pay Plaintiffs Drake and Obendorf the wages the FLSA requires for all time actually worked in excess of forty (40) hours in a workweek in violation of the FLSA.

50. Defendants' violation of the overtime provisions of the FLSA has caused Drake and Obendorf to suffer uncompensated overtime which they are entitled to under the FLSA.

51. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Drake and Obendorf for unpaid overtime compensation together with an additional equal amount as liquidated damages, attorneys' fees and costs of this action.

### COUNT II - VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT
### UNPAID WAGES (N.C. Gen. Stat. § 95-25.22)
### (as to all Defendants)

52. Plaintiff realleges the preceding allegations as if set forth fully herein.

53. The commissions promised Drake and Obendorf constitute wages within the meaning of N.C. Gen. Stat. § 95-25.2(16).

54. Defendants' failures to pay Drake and Obendorf commissions earned and due constitute violations of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

55. Pursuant to N.C. Gen. Stat. § 95-25.22(a), Drake and Obendorf are entitled to recover from Defendants the wages due them at the time of judgment with prejudgment interest from the time they became due.

56. Pursuant to N.C. Gen. Stat. § 95-25.22(a1), Drake and Obendorf are further entitled to recover liquidated damages equal to the amount of wages due to them.

57. Pursuant to N.C. Gen. Stat. § 95-25.22(d), Drake and Obendorf are entitled to recover their costs and fees including reasonable attorneys' fees in this action.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs Drake and Obendorf respectfully request that this Court enter one or more orders and/or judgments in favor of Plaintiffs as follows:

A. The entry of a judgment against Defendants in favor of Plaintiffs ordering Defendants to jointly and severally pay Plaintiffs the wages the Fair Labor Standards Act requires for all their hours worked in excess of forty (40) in a workweek, together with an additional equal amount as liquidated damages, and Plaintiffs' costs and attorneys' fees incurred in bringing this cause of action pursuant to the Fair Labor Standards Act.

B. The entry of a judgment for monetary damages for lost wages, for unpaid commission, plus interest, liquidated damages, and Plaintiffs' cost and attorneys' fees incurred in bringing this action pursuant to the North Carolina Wage and Hour Act.

C. An award of such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all questions of fact raised by their complaint.

This the 16th day of September, 2011.

    Respectfully submitted,

    s/ J. Michael Honeycutt
    J. Michael Honeycutt (NC Bar 33437)
    s/ Margaret M. Kingston
    Margaret M. Kingston (NC Bar 34837)
    Attorneys for Plaintiffs
    Fisher & Phillips LLP
    227 West Trade Street, Suite 2020
    Charlotte, NC 28209
    Telephone: (704) 334-4565
    Facsimile: (704) 334-9774
    E-mail: mhoneycutt@laborlawyers.com
    E-mail: mkingston@laborlawyers.com